# FOR PUBLICATION

FILED & ENTERED

AUG 14 2013

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY craig       DEPUTY CLERK

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**RIVERSIDE DIVISION**

| | |
|---|---|
| In re:<br><br>WENDY K. PITTS, faw D I R Waterproofing and Wadsworth General Contracting, faw Wadsworth Glazing, Inc.,<br><br>Debtor, | Case No.: 6:12-bk-15291-SC<br><br>Chapter: 7<br><br>Adversary No.: 6:12-ap-01191-SC |
| WENDY K. PITTS, faw D I R Waterproofing and Wadsworth General Contracting, faw Wadsworth Glazing, Inc.,<br><br>Plaintiff,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER RE: CROSS MOTIONS FOR SUMMARY JUDGMENT**<br><br>Date: August 7, 2013<br>Time: 1:30 p.m.<br>Ctrm: Courtroom 5C<br>    411 W Fourth Street<br>    Santa Ana, CA 92701 |

This matter is before the Court on the hearing on the cross-motions for summary judgment of the instant adversary proceeding on August 7, 2013, at 1:30 p.m. in Courtroom 5C, located at 411 W Fourth Street, Santa Ana, CA 92701, the Honorable Scott C. Clarkson presiding.  David Haberbush, Esq. and Vanessa Haberbush, Esq. appeared on behalf of

Plaintiff Wendy K. Pitts.  Eric Heller, Esq. appeared on behalf of Defendant the United States of America.

## MEMORANDUM OPINION

Believing that certain tax is not a partnership debt to which the Plaintiff should be liable, the Plaintiff brought this suit to determine her liability and dischargeability of the tax debt. Plaintiff and the Government have now cross-moved for summary judgment.  After a review of the record and briefing, there are no genuine issues of material fact, only questions of law, and therefore summary judgment is appropriate.

### I.    Factual and Procedural History

The factual and procedural history set forth below is based on the joint statement of undisputed facts filed on June 26, 2013 and docketed in the adversary proceeding as No. 30.

The Plaintiff Wendy K. Pitts ("Plaintiff" or "Debtor"), commenced her Chapter 7 case by filing a voluntary petition on March 1, 2012. [Facts 1, 4].  Plaintiff was a general partner of D I R Waterproofing, a California general partnership ("DIR"). [Fact 5].

DIR failed to pay in full its Federal Insurance Contribution Act taxes ("FICA" or "941" taxes) for certain tax periods occurring between December 2005 and December 2007. [Fact 6]. These FICA tax liabilities, including accrued interest, penalties and statutory additions allegedly totaled $106,675.40. [Facts 10-26].

DIR also failed to pay in full its Federal Unemployment Tax Act taxes ("FUTA" or "940" taxes) for the annual periods ending December 31, 2005, December 31, 2006, and December 31, 2007.  [Fact 7].  These FUTA tax liabilities including accrued interest, penalties and statutory additions allegedly totaled $2,145.08. [Facts 27-29].  DIR also had an unpaid late filing penalty assessed for filing its U.S. Return of Partnership Income ("Form 1065" penalties) for the 2005 tax year. [Fact 8]. These penalties and statutory additions allegedly totaled $2,858.51. [Facts 30-31].

1

2

The IRS gave DIR a Notice of its Rights to a Hearing ("Notice of Rights") under Internal

3

Revenue Code ("IRC") § 6320 by certified mail, addressing the Notice of Rights to DIR and

4

listing Plaintiff as a partner.  [Facts 38-40].

5

On June 21, 2007, the IRS issued a Notice of Federal Taxes Due ("Notice of Taxes

6

Due") for failure to pay taxes, and addressed the Notice of Taxes Due to Trans-National

7

Escrow Corporation.  [Facts 41-42].  The Notice of Taxes Due identified DIR as the taxpayer

8

and identified Plaintiff as a partner.  [Facts 41-42].  The Notice of Taxes Due listed the total

9

liability as $19,666.08.  [Fact 41].  On August 7, 2007, the IRS issued a second Notice of

10

Federal Taxes Due ("Second Notice of Taxes Due"), addressed to Trans-National Escrow

11

Corporation and identified DIR as the taxpayer and Plaintiff as a partner.  The Second Notice

12

of Taxes Due listed the total liability as $114,858.80. [Fact 45].  The tax debts identified in each

13

of these Notices of Taxes Due were not paid.  [Fact 49].

14

The IRS has filed four Notices of Federal Tax Lien ("NFTL"), which were recorded in

15

Riverside County, Orange County, or both. [Facts 32-35].  The NFTLs name both DIR and

16

Plaintiff, as a partner of DIR, as the taxpayer for unpaid taxes and penalties thereon.  [Facts

17

32, 36-37].  The first NFTL was recorded on January 29, 2007, in Orange County and

18

Riverside County, California relating to unpaid FUTA taxes for the annual period ending

19

December 31, 2005, unpaid FICA taxes for the quarter ending December 31, 2005, and unpaid

20

penalties relating to DIR's U.S. Return of Partnership Income for the calendar years ending

21

2003 and 2004.  [Fact 32].  The second NFTL was recorded on August 13, 2007, in Orange

22

County, California, and relates to DIR's unpaid FICA taxes for the quarter ending June 30,

23

2006. [Fact 33].  The third NFTL was recorded on December 31, 2007 in Riverside California,

24

and relates to DIR's unpaid FICA taxes for the quarters ending September 30, 2006 and

25

December 31, 2006.  [Fact 34].  The fourth NFTL was recorded on January 30, 2008, in

26

Orange County, California, and relates to unpaid FUTA taxes for the calendar year ending

27

December 31, 2006.  [Fact 35].

28

The United States has not, at any time, brought a judicial action against Plaintiff in order to collect DIR's tax debt. [Fact 50].  DIR's taxes were never assessed against Plaintiff personally.  [Fact 51].

Plaintiff brought the present adversary proceeding seeking alternative relief, including: (1) that Plaintiff's liability for DIR's tax debt is solely as a partner, and as such it is not a tax debt pursuant to 11 U.S.C. § 507(a)(8)(A) which should be dischargeable [Second Amended Compl. ¶¶ 34-38]; (2) that the IRS holds invalid liens on Plaintiff's personal property [Second Amended Compl. ¶¶ 39-47]; and (3) that the IRS violated the Plaintiff's discharge injunction by failing to extinguish its liens on Plaintiff's personal property. [Second Amended Compl. ¶¶ 48-53.]

## II.    Legal Standard

Summary judgment may be granted when appropriate if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Anderson v. Liberty Lobby, Inc.* 477 U.S. 242, 247-248 (1986).  A fact is "material" when the fact is capable of affecting the substantive outcome of the litigation.  *Anderson*, 477 U.S. at 248; *Dark v. Curry Cnty.*, 451 F.3d 1078, 1085 (9th Cir. 2006).  A dispute is "genuine" when the evidence is such that a reasonable jury could return a verdict for the nonmoving party.  *Scott v. Harris*, 550 U.S. 372, 380 (2007); *Anderson*, 477 U.S. at 248; *Dark*, 451 F.3d at 1091.

## III.    Discussion

### Assessment of the Taxes

*U.S. v. Galletti*, is the seminal case regarding the ability of the IRS to make a single assessment of taxes against a general partnership and its general partner. 541 U.S. 114 (2004).  The Supreme Court held, in a succinct ruling, that an assessment against a partnership was also deemed a sufficient assessment against the general partner.  No additional, independent assessment was required.  *Id.* at 116.  The Court explained:

4

> The Code does not require the Government to make separate assessments of a single tax debt against persons or entities secondarily liable for that debt in order for §6502's extended limitations period to apply to judicial collection actions against those persons or entities.  It is clear that "assessment" refers to little more than the calculation or recording of a tax liability, see, e.g., § 6201, and that it is *the tax* that is assessed, not the taxpayer, see, *e.g.,* § 6501.

*Id.* at 115.

There is no dispute that a timely assessment (within 3 years) was made for taxes owed by DIR.  Accordingly, the assessment issued against DIR constitutes a sufficient assessment against the Plaintiff or any other persons secondarily liable.

**Statute of Limitations for collection activities**

The collection period for collecting taxes expires ten years after the assessment.  IRC § 6503.  The IRS is authorized under IRC §§ 6321 and 6331 to use its administrative collection procedures, including the filing of a tax lien and levying on a person's assets.

The issue raised in these summary judgment motions is whether the ten year period and the use of administrative collection procedures applies when seeking to collect taxes from the general partner, as opposed to the partnership itself.

Debtor argues that, because the IRS has sought to collect the taxes against her using Cal. Corp. Code § 16306, which creates liability in each general partner for the partnership's debts, the IRS is bound by California's statute of limitations and collection procedures.  Plaintiff suggests that the California statute of limitations is three years (Code Civ. Proc. 369.5), rather than ten, and that the IRS is required to commence litigation within the three years to collect a general partnership debt.  *See* Cal. Corp. Code §16307.  Plaintiff further contends that the tax obligation is like any other non-priority unsecured debt owed by Plaintiff on behalf of the partnership.

The IRS correctly argues that collection of federal taxes is a sovereign function and that the IRS's ability to collect taxes cannot be constrained by state collection statutes.  *See U.S. v. Rodgers*, 461 U.S. 677, 697 (1983).  In *U.S. v. Summerlin*, the Court explained:

1
2
3

It is well settled that the United States is not bound by state statutes of limitation or subject to the defense of laches in enforcing its rights (citations omitted). The same rule applies whether the United States brings its suit in its own courts or in a state court. . . .

4
5
6

. . . When the United States becomes entitled to a claim, acting in its governmental capacity and asserts its claim in that right, it cannot be deemed to have abdicated its governmental authority so as to become subject to a state statute putting a time limit upon enforcement (citations omitted).

7
8
9
10
11
12
13

310 U.S. 414, 416-417 (1940).  In *Bresson v. C.I.R.*, the Ninth Circuit considered whether the IRS was subject to the "claim-extinguishment provisions" of the California Uniform Fraudulent Transfer Act ("CUFTA"), where the IRS sought to recover taxes from a transferee who had received a fraudulent transfer of property from the taxpayer. 213 F.3d 1173 (9th Cir. 2000). The IRS sought to use CUFTA to recover proceeds from a fraudulent transfer in order to satisfy a tax debt.  The Ninth Circuit held that the "extinguishment" provision under CUFTA could not evade the rule set forth in *Summerlin.*   The court explained:

14
15
16
17
18
19

[A]lthough the IRS must rely on the CUFTA to establish Petitioner's transferee liability, the government's underlying right to collect money in this case clearly derives from the operation of federal law (i.e., the Internal Revenue Code).  Second in its efforts to collect taxes, the United States unquestionably is acting in its sovereign capacity; indeed, the right to collect taxes is among the most basic attributes of sovereignty.  Because the United States is here acting in its sovereign capacity in an effort to enforce rights ultimately grounded on federal law, the rule of *Summerlin* will not allow the "extinguishment" of a valid fully accrued claim by the IRS brought under CUFTA. . . .

20
21
22
23

"[T]he [extinguishment] provision appears to be a dressed-up statute of limitations, crafted to circumvent the rule of *Summerlin*." To allow states to evade the *Summerlin* rule by the simple expedient of renaming their statutes of limitations is inconsistent with the core teaching of *Summerlin*-namely, that states "transgress the limits of state power" when they attempt to set limitations period on claims acquired by the United States in its governmental capacity.

24
25
26

*Id.* at 1178 (internal citations omitted).  *See accord U.S. Bank v. IRS,* 2013 WL 788079 (D. Mont. March 1, 2013); *United States v. Reading*, 2012 WL 4120439 (D. Ariz. September 19, 2012) (both following the decision in *Bresson).*

27
28

1

2        In this case, the liability is based on the federal tax assessment against DIR.  The IRS is

3    using Cal. Corp. Code §16307 to establish Debtor's "obligation" to pay the tax; but it is the

4    federal IRS statute that created the liability.  Accordingly, the rule enunciated in *Summerlin*

5    must apply.  This result is further compelled by policy concerns that if the Plaintiff's arguments

6    were adopted, the IRS would have to comply with the statutes of 50 different states in order to

7    collect federal taxes.  This would be an unacceptable administrative nightmare, and no court

8    has upheld use of the state statutes under these circumstances.  *Cf. United States v. State of*

9    *Cal.,* 932 F.2d 1346, 1351 (9th Cir. 1991) (state statute of limitations applied because the

10   United States' purported right of recovery derived solely from the equitable doctrine of

11   subrogation and from the United States' status as a subrogee).

12        With regard to the use of administrative collection procedures against the Plaintiff,

13   rather than commencing litigation, courts have repeatedly held that the administrative

14   collection procedures can be used against a general partner.  *See In re Crockett*, 150 F. Supp.

15   352, 354 (N.D. Cal. 1957); *Young v. U.S. I.R.S.*, *Dep't of Treasury*, 387 F. Supp. 2d 143

16   (E.D.N.Y. 2005); *Underwood v. U.S.*, 118 F.2d 760 (5th Cir. 1941); *Remington v. U.S.,* 210

17   F.3d 281 (5th Cir. 2000).  In each of the cited cases, the courts approved the use of

18   administrative procedures, including the use of federal tax liens, to collect taxes from a general

19   partner.  In *Young v. U.S. I.R.S.*, *Dep't of Treasury*, the IRS sought to collect a tax from a

20   general partner using both New York and California law to establish liability on behalf of the

21   general partner.  387 F. Supp. 2d 143 (E.D.N.Y. 2005).  The court approved the use of

22   administrative procedures against the general partner and upheld the levy on the partner's IRA

23   account.

24        Plaintiff claims that the IRS is like any other creditor who must seek an adjudication of

25   the Plaintiff's liability, rather than using the administrative collection procedures.  The IRS

26   correctly argues that the state collection procedures for holding a general partner liable for the

27   general unsecured obligations of the partnership do not apply to the taxing authorities.  The

28

7

1
2
3
4
5
6

IRS cites numerous examples of California Revenue statutes that authorize state taxing authorities to use similar forms of administrative collection actions without commencing litigation to collect state taxes.  This defeats Plaintiff's argument that taxing authorities are treated the same as the partnership's other general unsecured creditors who seek to hold the general partner liable.

7
8
9
10
11
12
13
14
15

The main issue in this case is whether the IRS perfected its federal tax lien by giving proper notice of its intent to collect from Plaintiff, thereby allowing the IRS to record the federal tax liens against Plaintiff and her personal assets.  Plaintiff does not dispute that notices of DIR's tax deficiencies were served on DIR and that they referenced Plaintiff as the general partner.  Plaintiff complains, however, that the notices only contained DIR's EIN number and failed to reference her social security number.  Accordingly, Plaintiff claims she did not receive proper notice of the IRS' intent to commence enforcement proceedings against her personal assets.  Plaintiff and the IRS have stipulated that due process notices were properly issued and named both DIR and Plaintiff.

16
17
18
19
20
21
22
23
24
25
26
27
28

In *In re Crockett*, the district court held that a general partner was liable for the partnership tax and that in order for the tax lien to attach to the individual partner's property, the IRS must establish that (1) [debtor] is a "person liable to pay the tax," and (2) he has "neglected or refused to pay the same after demand."  150 F. Supp. 352, 354 (N.D. Cal. 1957). IRS § 6303 provides that the notice and demand for payment of taxes must "be left at the dwelling or usual place of business of such person, or shall be sent by mail to such person's last known address."  26 U.S.C. § 6303(a). Here, the evidence establishes that the IRS mailed notices of deficiency and demand for payment which identified both DIR and Plaintiff and were addressed to either DIR's offices and/or Plaintiff's residence.  In *Young v. U.S. I.R.S., Dep't of Treasury,* the plaintiff, a general partner of the delinquent taxpayer, similarly complained that the Final Notice of the IRS' Intent to Levy was mailed to plaintiff's address although it was addressed to the corporation in care of plaintiff, and referenced only the corporation's federal

1

2

tax identification number.  387 F.Supp. 2d 145 (E.D.N.Y. 2005). Plaintiff claimed that "[s]ince

the Notice did not explicitly state that the IRS may issue a levy on plaintiff specifically, . . .

3

4

[plaintiff] did not have fair notice." *Id*.  The court rejected plaintiff's arguments and upheld the

levy on plaintiff's IRA account.

5

6

        Under California law, it is clear that an individual partner may be held liable for the entire

amount of a partnership debt.  Cal. Corp. Code §16306(a).  Following the reasoning set forth in

7

8

*Crockett*,

9

10

> an individual partner has been held liable to the United States for
> employment witholding taxes of the partnership, and his individual
> property has been held subject to the lien of § 3670.  Hence, it is the
> opinion of this Court that the bankrupt is a 'person liable to pay' the tax
> asserted within the meaning of § 3670, [. . .], and that the lien claimed by
> petitioner, if perfected, entitled petitioner to the status of an individual lien
> creditor of the bankrupt with priority over all other individual creditors
> except those asserting senior liens within the meaning of 3672
> (I.R.C.1939), 26 U.S.C.A. § 3672.

11

12

13

14

*In re Crockett,* 150 F. Supp. at 354 (internal citations omitted).  IRC § 3672 has now been

15

superseded by 26 U.S.C. § 6321.

16

        In *In re Crockett*, the district court remanded the case to the bankruptcy court to

17

determine,

18

> whether petitioner has perfected the lien it asserts against the bankrupt's
> property. .  . . [T]he lien does not attach unless and until the delinquent
> taxpayer 'neglects or refuses to pay the same after demand.' It is
> incumbent upon petitioner to show that these statutory prerequisites have
> been fulfilled before the Referee can treat petitioner as a lien creditor.

19

20

21

> *Id.*

22

        Based on the Joint Statement of Undisputed Facts it appears to this Court that the IRS

23

provided adequate notice and due process to Plaintiff before recording its tax lien.

24

Accordingly, this Court finds that federal tax liens are valid and perfected.

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Dischargeability of the Tax Claims**

Based on this Court's findings that Plaintiff is liable for DIR's taxes, this Court must determine the extent to which the taxes are non-dischargeable.

11 U.S.C. § 523(a) governs whether taxes are dischargeable or not.  To the extent taxes are "trust fund taxes," they are not dischargeable under 523(a)(1)(A).  Section 523(a) provides that an individual debtor is not discharged from any debt for a tax of the kind specified in §507(a)(8).  Section 507(a)(8)(C) provides that "a tax required to be collected or withheld [i.e. trust fund taxes] and for which the debtor is liable in whatever capacity" is a priority claim and therefore not dischargeable under § 523(a)(1).

The more interesting issue is the provision that provides that if a tax return is required to be filed and is not filed, the tax is not dischargeable, even if the tax might otherwise be discharged.  In this case, there are a number of instances in which DIR failed to file the required tax return, the IRS made its assessment, and DIR thereafter filed a return reducing the assessment and obtaining a partial abatement of the tax.  Pre-BAPCPA, courts generally held that when a late tax return is filed after an assessment was made, the late filed return did not qualify as a return for purposes of dischargeability under 11 U.S.C. §523(a)(1)(B).  *See In re Hindenlang*, 164 F.3d 1029 (6th Cir. 1999); *see accord In re Payne*, 431 F.3d 1055 (7th Cir. 2005); *In re Moroney*, 352 F.3d 902 (4th Cir. 2003); *In re Hatton*, 220 F.3d 1057 (9th Cir. 2000).

In *In re Hindenlang*, the Sixth Circuit adopted the four-part test established in *Beard v. Commissioner*, to determine if a late-filed return qualified as a "return."  164 F.3d 1029 (6th Cir. 1999) (citations omitted). Following the *Beard* court, the Sixth Circuit described the following test for determining if a late-filed return constitutes a return:  "(1) it must purport to be a return; (2) it must be executed under penalty of perjury; (3) it must contain sufficient data to allow calculation of tax; and (4) it must represent an honest and reasonable attempt to satisfy the requirements of the tax law."  *Id.* at 1033.

1

2          Post BAPCPA, courts have reached inconsistent results.  In *In re Colsen*, the Eight

3    Circuit held that any reasonable return, which on its face evinces an honest and reasonable

4    attempt to satisfy the tax laws, qualifies as a return and will be deemed filed for purposes of

5    §523(a) (1)(B), notwithstanding that the IRS made an assessment prior to the filing of the late

6    return. *See* 446 F.3d 838 (8th Cir. 2006). The Eighth Circuit made clear that the debtor had

7    filed for bankruptcy prior to the effective date of BAPCA and that the court would not apply the

8    BAPCPA amendments.  The taxes were therefore deemed dischargeable.

9          Several bankruptcy courts and the Fifth Circuit have concluded that, post-BAPCPA, a

10   late-filed return never qualifies as a return for dischargeability purposes.  *See, e.g., McCoy v.*

11   *Miss. Tax Comm'n (In re McCoy),* 666 F.3d 924 (5th Cir. 2012); *Shinn v. I.R.S. (In re Shinn),*

12   2012 WL 986752 (Bankr. C.D. Ill. March 22, 2012); *Hernandez v. U.S. (In re Hernandez),* 2012

13   WL 78668 (Bankr. W.D. Tex. Jan. 11, 2012); *Cannon v. U.S. (In re Cannon),* 451 B.R. 204

14   (Bankr. N.D. Ga. 2011); and *Links v. U.S. (In re Links),* 2009 WL 2966162 (Bankr. N.D. Ohio

15   Aug. 21, 2009). A more moderate position was taken by the court in *In re Brown*, which held

16   that if the late return was filed prior to any assessment by the IRS, then the taxes would be

17   dischargeable under § 523(a)(1)(B). 489 B.R. 1, 5-6 (Bankr. D. Mass. 2013). This court adopts

18   the approach set forth in *Brown.*

19          Based on the foregoing, the Court adopts the position taken by the IRS and finds that:

20          1.      For the quarterly employment-tax period ending December 31, 2005, the trust

21   fund portion of DIR's taxes are non-dischargeable under 11 U.S.C. §§ 523(a)(1)(A) and

22   507(a)(8)(C).  The non-trust fund portion of DIR's FICA taxes are dischargeable because the

23   Form 941 Return was due more than three years before the petition date under 11 U.S.C.

24   § 507(a)(8)(D). The penalties relating to DIR's FICA taxes for the quarterly employment tax

25   period ending December 31, 2005 are dischargeable under 11 U.S.C. § 523(a)(7)(B) because

26   they relate to a transaction or event that occurred more than three years before the petition

27   date.  *McKay v. United States*, 957 F.2d 689, 693 (9th Cir. 1992).

28

2.      For the quarterly employment tax periods ending March 31, 2006, June 30, 2006, September 30, 2006, and December 31, 2006, the trust fund portions of DIR's taxes for these quarters are non-dischargeable under 11 U.S.C.  §§ 523(a)(1)(A) and 507(a)(8)(C). The non-trust fund portion of DIR's FICA taxes for these quarters are also non-dischargeable because the IRS prepared and filed substitutes for returns under I.R.C. § 6020(b) and assessed these taxes before DIR submitted its Form 941 Returns for each of these periods.  Accordingly, under (a) 11 U.S.C. § 523(a)(1)(B)(i) and (b) the *Beard, Hindenlang, Payne, Moroney*, and *Hatton* Circuit Court line of cases, the non-trust fund portion of DIR's FICA taxes are non-dischargeable. The penalties relating to DIR's FICA taxes for the quarterly employment-tax periods ending March 31, 2006, June 30, 2006, September 30, 2006, and December 31, 2006, are all dischargeable under 11 U.S.C. § 523(a)(7)(B) because they relate to a transaction or event that occurred more than three years before the petition date. *McKay*, 957 F.2d at 693.

3.      For the quarterly employment-tax periods ending March 31, 2007, June 30, 2007, September 30, 2007, and December 31, 2007, the trust fund portion of DIR's taxes are nondischargeable under 11 U.S.C. §§ 523(a)(1)(A) and 507(a)(8)(C).  The non-trust fund portion of DIR's FICA taxes for these quarters are dischargeable because the Form 941 Return was due more than three years before the petition date under 11 U.S.C. § 507(a)(8)(D). The penalties relating to DIR's FICA taxes for these quarters are dischargeable under 11 U.S.C. § 523(a)(7)(B) because they relate to a transaction or event that occurred more than three years before the petition date.  *Id*.

4.      For the annual unemployment tax periods ending December 31, 2005, and December 31, 2007, DIR's FUTA taxes are dischargeable because the Form 940 Returns were due more than three years before the petition date under 11 U.S.C. § 507(a)(8)(D).  The penalties relating to DIR's FUTA taxes for these periods are dischargeable under 11 U.S.C. § 523(a)(7)(B) because they relate to a transaction or event that occurred more than three years before the petition date. *Id*.

5.      For the annual unemployment tax period ending December 31, 2006, DIR's FUTA taxes are partially dischargeable and partially non-dischargeable. The portion of DIR's 2006 FUTA taxes that is non-dischargeable is the portion that was assessed based on a substitute for return filed under I.R.C. § 6020(b) on June 21, 2007, and assessed on September 3, 2007, under (a) 11 U.S.C. § 523(a)(1)(B)(i).  DIR submitted its 2006 FUTA return on September 7, 2007, after the IRS had already made an assessment based on the substitute return it filed under I.R.C. § 6020(b).  DIR's return, however, reported a FUTA liability greater than what had previously been assessed based on the substitute return.  This return therefore served a purpose under the fourth prong of the *Beard* test because it reported a liability greater than what the IRS had already assessed.  Accordingly, the portion of DIR's FUTA taxes for 2006 that were assessed based on the late-filed return are dischargeable under 11 U.S.C. §§ 523(a)(1)(A) and 507(a)(8)(D). The penalties relating to DIR's FUTA taxes for this period are also dischargeable under 11 U.S.C. § 523(a)(7)(B) because they relate to a transaction or event that occurred more than three years before the petition date. *Id*.

The Court hereby directs the IRS to file with the Court a declaration setting forth the amounts owed by Plaintiff as a result of this Court's ruling.  The declaration should identify the periods and specific amounts that are non-dischargeable and the amounts that are dischargeable, and have therefore been discharged as a result of the Debtor's chapter 7 discharge.

Violation of the Discharge Injunction

Even if the federal tax liens were not perfected prior to bankruptcy, this Court finds no evidence that the IRS has taken any action against Plaintiff personally to collect the taxes, whether dischargeable or non-dischargeable.  A chapter 7 discharge releases the debtor from personal liability with regard to dischargeable debts, but does not prohibit a creditor from foreclosing on a mortgage or property on which the creditor holds a secured lien.  *See Johnson v. Home State* Bank, 501 U.S. 78, 83-85 (1991) (arguing that "a bankruptcy discharge

1  extinguishes only one mode of enforcing a claim-namely, an action against the debtor in

2  personam-while leaving intact another-namely, an action against the debtor in rem").

3    Additionally, the defense of this adversary proceeding does not qualify as an action in

4  violation of the discharge injunction set forth in 11 U.S.C. §524(a)(2).  *See In re Eastburg,* 440

5  B.R. 851, 855 (Bankr. D.N.M. 2010) *aff'd on other grounds*, 447 B.R. 624 (B.A.P. 10th Cir.

6  2011) ("upon the timely filing of a complaint objecting to the dischargeability of a debt, the

7  discharge injunction does not apply with respect to that debt until the Court makes a

8  determination of the dischargeability of the debt").

9    Finally, this Court finds that the IRS prescribes the remedies for willful violations of the

10  discharge injunction and Plaintiff has not exhausted her administrative remedies.  *See* IRC

11  § 7433(d) ("A judgment for damages shall not be awarded under subsection [7433](b) unless

12  the court determines that the plaintiff has exhausted the administrative remedies available to

13  such plaintiff within the Internal Revenue Service"); *Kovacs v. United States*, 614 F.3d 666,

14  673 (7th Cir. 2010) (notwithstanding Bankruptcy Code § 105, compliance with the provisions

15  under IRC § 7433 are a prerequisite for recovering damages for violation of the discharge

16  injunction).

17  **IV.    Conclusion**

18    For the reasons set forth above, the Court finds that, under *Galletti,* the IRS's assessment

19  of taxes for the liability owed by DIR is an assessment against Plaintiff and no separate

20  assessment was required.  The Court further finds that the ten-year federal statute of

21  limitations and the IRS administrative collection procedures apply to collection of federal taxes

22  against Plaintiff as the general partner of DIR.  Furthermore, the Court finds that Plaintiff was

23  given sufficient notice of the assessment and a demand to pay the taxes, and failed to do so.

24  As a result, the Court finds that the federal tax liens recorded against the Debtor and her

25  property are valid liens and there has been no violation by the IRS of the discharge injunction.

26  Finally, as set forth in Section III.D above, the Court finds that the IRS has properly identified

27  which taxes (including penalties) are dischargeable pursuant to the Plaintiff's chapter 7

28  discharge and which taxes are non-dischargeable.  With regard to the non-dischargeable

taxes, the IRS' liens apply to subsequently acquired property.  The IRS is hereby directed to file a declaration by August 30, 2013, consistent with this Memorandum, that sets forth the calculations of the taxes, penalties, and interest that shall be non-dischargeable and dischargeable based on the rulings herein.  The Plaintiff shall have until September 13, 2013, to file a reply declaration as to any disputes the Plaintiff has with respect to the calculations presented by the IRS.  The Court shall determine whether a hearing is subsequently required.

The Plaintiff's motion for summary adjudication is hereby denied and the IRS' motion for summary judgment is hereby granted.  A judgment will issue upon receipt and review by the Court of the IRS' and Ms. Pitts' declarations regarding the calculations of dischargeable and non-dischargeable taxes and penalties.

Date: August 14, 2013

Scott C. Clarkson
United States Bankruptcy Judge

## NOTICE OF ENTERED ORDER AND SERVICE LIST

Notice is given by the court that a judgment or order entitled (*specify*): **MEMORANDUM DECISION AND ORDER RE: CROSS MOTIONS FOR SUMMARY JUDGMENT** was entered on the date indicated as "Entered" on the first page of this judgment or order and will be served in the manner stated below:

**1.   SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)** B Pursuant to controlling General Orders and LBRs, the foregoing document was served on the following persons by the court via NEF and hyperlink to the judgment or order. As of **8/14/13**, the following persons are currently on the Electronic Mail Notice List for this bankruptcy case or adversary proceeding to receive NEF transmission at the email addresses stated below.

- Charles W Daff (TR)     charleswdaff@gmail.com, c122@ecfcbis.com
- David      R      Haberbush                          dhaberbush@lbinsolvency.com, ahaberbush@lbinsolvency.com,julrich@lbinsolvency.com,abostic@lbinsolvency.com
- Vanessa      M      Haberbush                          vhaberbush@lbinsolvency.com, dhaberbush@lbinsolvency.com,ahaberbush@lbinsolvency.com,julrich@lbinsolvency.com,abostic@lbinsolvency.com
- Eric M Heller     eric.m.heller@irscounsel.treas.gov
- United States Trustee (RS)     ustpregion16.rs.ecf@usdoj.gov

☐Service     information     continued     on attached page

**2.   SERVED BY THE COURT VIA UNITED STATES MAIL:** A copy of this notice and a true copy of this judgment or order was sent by United States mail, first class, postage prepaid, to the following persons and/or entities at the addresses indicated below:

☐ Service     information     continued     on attached page

**3.   TO BE SERVED BY THE LODGING PARTY**: Within 72 hours after receipt of a copy of this judgment or order which bears an "Entered" stamp, the party lodging the judgment or order will serve a complete copy bearing an "Entered" stamp by United States mail, overnight mail, facsimile transmission or email and file a proof of service of the entered order on the following persons and/or entities at the addresses, facsimile transmission numbers, and/or email addresses stated below:

☐ Service     information     continued     on attached page

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.